UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEPHEN ARMBRUSTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-0845** |
| **LT. MYERS** | **SECTION "M"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2) and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court determined that this matter can be disposed of without an Evidentiary Hearing.

**I.    Factual Summary**

The plaintiff, Stephen Armbruster ("Armbruster"), was an inmate housed in the St. Bernard Parish Prison at the time of the filing of this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983. Armbruster filed this suit against Lieutenant Myers seeking injunctive relief.

Armbruster alleges that he rolled in and out of the St. Bernard Parish Prison several times over the last year. He complained that, each time, he was placed in the disciplinary isolation cell without reasons or a disciplinary board hearing. He alleges that this was cruel and unusual

punishment in violation of his constitutional rights. He requests that the prison officials be made to "conform to the rules of all prison systems."[1]

## II.     Procedural Background

On May 7, 2008, the undersigned Magistrate Judge issued an Order scheduling a hearing pursuant to *Spears v. McCotter*,[2] for July 18, 2008.[3] The Order was mailed by the Clerk of Court to the plaintiff at the St. Bernard Parish Prison. The envelope was not returned as undeliverable.

On July 18, 2008, the Court attempted to contact Armbruster at the St. Bernard Parish Prison and was notified by prison officials that Armbruster had been released.[4] The Court issued a second order rescheduling the *Spears* Hearing for August 22, 2008, and directing Armbruster to provide the Court with a telephone number where he could be reached.[5]

The Order was mailed to Armbruster at his last known civilian address in Arabi, Louisiana, which was obtained from the prison.[6] The envelope containing the order was returned to the Court marked "Return to Sender - Not Deliverable as Addressed" and "Unable to Forward."[7]

---

[1] Rec. Doc. No. 5, p. 5.

[2] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain the prisoner's allegations and the legal basis for the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e) . *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[3] Rec. Doc. No. 8.

[4] Rec. Doc. No. 9.

[5] *Id*.

[6] *Id*.

[7] Rec. Doc. No. 10.

The plaintiff has not responded to the Court's prior order or provided the Court with a current address or telephone number. Armbruster has not otherwise contacted the Court regarding his case since it was filed.

## III.  Analysis

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. FED. R. CIV. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976). In this case, the plaintiff is without counsel and is responsible for the prosecution of his case.

The record shows that the Court set a *Spears* Hearing prior to Armbruster's release from the St. Bernard Parish Prison. The second order rescheduling the hearing after his release was returned as undeliverable, because Armbruster failed to provide the Court with a proper address when he was released from prison.

Armbruster was made aware of his obligation to keep the Court informed of his whereabouts as reflected on page six of his Complaint, where he signed the Plaintiff's Declaration on January 9, 2008. The Local Rules of this Court also require that a plaintiff provide the Court with a current address or face dismissal of the case when a notice is returned to the court. L.R. 41.3.1E.

Contrary to these mandates, Armbruster has not notified the Court of a change of address or any other means of contacting him. In fact, the record demonstrates that Armbruster has never

provided notice to the Court of his discharge from jail. The change of address was only discovered by the Court based on information provided by prison officials. Accordingly, dismissal of Armbruster's complaint is proper under Rule 41(b) and the rules of this Court for his failure to prosecute this case.

**IV.    Recommendation**

It is therefore **RECOMMENDED** that Armbruster's complaint brought pursuant to Title 42 U.S.C. § 1983 against the defendant, Lieutenant Myers, be **DISMISSED WITH PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 3rd day of October, 2008.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**